IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY BOYCE,<br>        Plaintiff,<br><br>v.<br><br>BRITTANY GREENE, *et al.*,<br>        Defendants. | Case No. 3:24-cv-03188-JEH |

### Order

Pending before the Court are a Motion to Vacate Default (Doc. 38) filed by Defendant Cameron Swaim, together with other Motions (Docs. 42, 46, 50) related to the default. In addition, Plaintiff has filed a Motion for Leave to File Second Amended Complaint (Doc. 49) and a renewed Motion to Request Counsel (Doc. 56). Finally, there are several Motions (Docs. 55, 57, 61) relating to discovery in this case.

### I

### A

The Court first turns to the issue of default, which entered against Defendant Swaim on March 18, 2025. On March 19, 2025, Defendant Swaim filed a *pro se* Motion to Vacate Default (Doc. 38). On March 20, 2025, Plaintiff filed a Motion for Default Judgment (Doc. 42), after which he filed a Response (Doc. 44) to Defendant's Motion and an additional Motion (Doc. 46) requesting sanctions against Defendant Swaim. Finally, on April 8, 2025, counsel filed a Motion for Leave to File Reply in Support of Defendant Swaim's Motion to Vacate (Doc. 50). That Motion (Doc. 50) is granted.

### B

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, Rule 55(c) provides: "The court may set aside an entry of default for good cause[.]"

"A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009), quoting *Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 810 (7th Cir. 2007).

## C

In her *pro se* Motion, Defendant Swaim asserts that she had been told that upon signing the waiver of summons her former employer, Wexford, would automatically represent her in this case. However, she indicates that her contract with Wexford ended abruptly following service and all paperwork, including Plaintiff's filings and orders warning of the possibility of default, were sent to her former place of employment rather than directly to her. She learned of the default when a manager at her former work address notified her of the entry of default sent to her former work address.

Moreover, as indicated above, Defendant Swaim took quick action to correct the default, having filed a *pro se* Motion just one day after entry and promptly retaining counsel thereafter.

Defendant Swaim also maintains that she has a meritorious defense to this suit, as she indicates that she had no authority as a nurse to interfere with correctional (i.e., safety and security) decisions to restrain an individual in custody. Plaintiff's objection in response to Defendant's Motion argues that she is lying regarding the merits of the case, although the Reply filed by her attorneys asserts that video evidence will support Defendant Swaim's position on the relevant facts.

For the foregoing reasons, the Court finds that Defendant Swaim has satisfied the requirements necessary to show good cause to set aside the entry of default. Defendant's Motion to Vacate Default (Doc. 38) is therefore granted, and Plaintiff's

Motion for Default Judgment (Doc. 42) and Motion (Doc. 46) requesting additional sanctions are denied.

## II

### A

The Court next turns to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 49).

By way of background, Plaintiff's claims in this case arise from an alleged search of his cell by members of the "Orange Crush" tactical team, during which he was held in the prison "chow hall" for hours. In the Merit Review Order (Doc. 19), the Court held that Plaintiff could proceed on (1) an Eighth Amendment claim against Correctional Officer Haze, for deliberate indifference to Plaintiff's report of severe, hours-long pain from his handcuffs, (2) an Eighth Amendment deliberate indifference claim against Defendant Swaim for failure to provide Plaintiff with medical attention for the foregoing pain, (3) an Eighth Amendment conditions of confinement claim against Defendants Haze and Swaim for requiring Plaintiff to sit in soiled clothes during the search, and (4) a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendant Doe who destroyed Plaintiff's Bible materials during the search of his cell.

In his Motion, Plaintiff explains that he has updated Defendants' names to Brandon Hays and Cameron Swaim in the Second Amended Complaint. He does not yet know the identity of the Doe Defendant. Plaintiff also seeks to add a First Amendment retaliation claim against Defendant Swaim, as well as an Americans with Disabilities Act ("ADA")/Rehabilitation Act claim against her employer Wexford.

### B

Plaintiff's Motion was filed more than 21 days after service and responsive pleadings. As such, amendment is not granted as a matter of course. Fed. R. Civ. P. 15(a)(1). However, the Court is mindful that it should freely give leave to amend when justice so requires, and Defendants have not filed any response in opposition to

Plaintiff's Motion. *See* Fed. R. Civ. P. 15(a)(2)-(3). In addition, Plaintiff's Motion is timely under the deadline set in the Court's Scheduling Order (Doc. 32, at 2 ¶ 2). Therefore, Plaintiff's Motion (Doc. 49) is granted, and the Second Amended Complaint is now before the Court for screening.

### C

Plaintiff's Second Amended Complaint contains the same, or virtually identical, factual allegations regarding the search of his cell, the handcuffing, and the conditions in which he was held during the prolonged search. For the reasons already identified in the prior Merit Review Order (Doc. 19), Plaintiff may still proceed on the Eighth Amendment deliberate indifference and conditions of confinement claims against Defendants Hays and Swaim and the RLUIPA claim against Defendant Doe.

As for the additional claims that Plaintiff seeks to add, Plaintiff complains in part that Defendant Swaim did not timely respond to the prior complaint. Plaintiff alleges that Defendant Swaim's failure to timely respond was done in bad faith, with knowledge of his disabilities (learning disability and mental illness), and to prevent progress in his case.

In short, Plaintiff wishes to bring ADA/Rehabilitation Act and First Amendment retaliation claims against Defendant Swaim and Wexford due to the default by Swaim, discussed above. However, Plaintiff's allegations do not plausibly support such claims.

There can be no reasonable inference that Defendant Swaim's failure to timely respond to Plaintiff's Complaint denied him access to any public (or federally-funded) programs or services. *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Plaintiff continued to have access to the Court and was able to file motions requesting relief based upon Defendant Swaim's failure to timely respond to his complaint. Similarly, it is implausible that Defendant Swaim's failure to respond was done in retaliation against Plaintiff, as the only risk arising from that failure was that judgment would enter against Defendant Swaim herself.

For the foregoing reasons, Plaintiff may not proceed with any additional claims, nor may he add Wexford as an additional defendant.

### III

The Court previously denied Plaintiff's requests for appointment of counsel. Although the Court held that Plaintiff had satisfied the first, threshold requirement because Plaintiff had made a reasonable attempt to obtain counsel, the Court was aware of no physical, intellectual, psychological, or practical limitations that would render Plaintiff unable to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013).

Plaintiff has now identified such limitations. Plaintiff explains that he has a learning disability and has been diagnosed as "seriously mentally ill" ("SMI") with dyslexia, schizophrenia, attention deficit disorder ("ADD"), and depression.

Based upon the foregoing, the Court finds that Plaintiff appears to have satisfied the considerations under *Pruitt*, 503 F.3d at 654-55. Plaintiff's Motion (Doc. 56) is therefore granted, and the Court will assist Plaintiff by attempting to recruit an attorney on his behalf.

Plaintiff must understand that he is not entitled to the appointment of counsel in a civil case such as this, nor does the Court have the authority to require an attorney to accept *pro bono* appointments in such cases. *Pruitt*, 503 F.3d at 653. The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Court will inform the parties as soon as possible after the Court either finds an attorney to represent Plaintiff or after it becomes clear to the Court that no attorney will volunteer to do so.

### IV

#### A

Plaintiff has filed Motions (Docs. 55, 56) relating to the issues with discovering the identity of the Doe Defendant who searched his cell. Plaintiff complains that Defendants and their counsel maintain that they have not yet been able to identify the

officer who searched Plaintiff's cell. Plaintiff acknowledges that he has received certain disclosures from Defendants and spoke with counsel for IDOC Defendants by phone regarding this issue, but he believes counsel is lying or misleading him.

In Response (Doc. 58), counsel for Defendants confirms that she spoke with Plaintiff and that she is currently reviewing the roster of all 160 staff members who participated in the search in question, together with seven hours of video footage. She indicates that the roster would be disclosed to Plaintiff by May 30, 2025, and the video footage would be available for Plaintiff's viewing in June 2025. Counsel also asserts that Defendants are not in possession of any shakedown slip for the search of Plaintiff's specific cell but that if such document exists they will disclose it to Plaintiff. A Certificate of Service (Doc. 60) filed by Defendants on May 30, 2025, confirmed disclosure of the rosters on that day.

Based upon review of the Motions and Response, the Court is satisfied that Defendants are working diligently to provide Plaintiff with information, as it becomes available, to assist in the identification of the specific officer who searched his cell. Plaintiff's motions (Docs. 55, 56) are therefore denied, without prejudice.

**B**

Finally, Defendants request an extension of time to June 13, 2025, to complete further review of relevant discovery, in order to ensure accurate and complete responses to Plaintiff's other discovery requests. Defendants' Motion (Doc. 61) is granted.

**IT IS THEREFORE ORDERED:**

1) **Defendant Cameron Swaim's Motion to Vacate Default [38] and Motion for Leave to File Reply in Support [50] are GRANTED. The Clerk is directed to vacate the default entered 3/18/25. Defendant Swaim's answer to Plaintiff's Complaint is due within 21 days of entry of this Order.**

2) **Plaintiff's Motion for Default Judgment [42] and related Motion [46] are DENIED.**

3) **Plaintiff's Motion for Leave to File Second Amended Complaint [49] is GRANTED. Plaintiff's case continues to proceed on Eighth Amendment deliberate indifference and conditions of confinement claims against Defendants Hays and Swaim and a claim under RLUIPA against Defendant John Doe. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **Plaintiff's Motion to Request Counsel [56] is GRANTED.**

5) **Plaintiff's Motion to Compel Discovery [55] and Motion for Sanctions [57] are DENIED.**

6) **Defendants' Motion for Extension of Time [61] is GRANTED. Defendants have until 6/13/25 to serve complete responses to Plaintiff's first sets of interrogatories and requests for production.**

*It is so ordered.*

Entered on June 6, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE