IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ANTHONY BOYCE,
    Plaintiff,

v.

BRITTANY GREENE, *et al.*,
    Defendants.

Case No. 3:24-cv-03188-JEH

### Order

This matter is now before the Court on Plaintiff's Motion for New Judge. (Doc. 81). For the reasons stated below, Plaintiff's Motion is DENIED

**I**

The Court analyzes Plaintiff's Motion pursuant to 28 U.S.C. §§ 144 and 455. To establish "actual bias under § 144," the moving party "must show some personal animus or malice on the part of the judge." *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001). "The general presumption is that judges rise above any potential biasing influences." *Id.* at 718. "Comments made by the judge 'during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 550–51 (1994) ("The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice.")). "A judge's expressions of 'impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges' are not sufficient to

demonstrate bias or prejudice." *Tezak*, 256 F.3d at 718 (quoting *Liteky*, 510 U.S. at 555–56).

Unlike § 144, which requires recusal of a judge when there is actual personal bias or prejudice, § 455(a) requires a judge to recuse when that judge presiding over a case would create an appearance of bias. *Tezak*, 256 F.3d at 717 n.16; *In re Sherwin-Williams Co.*, 607 F.3d 474, 477–78 (7th Cir. 2010).

## II

Plaintiff argues this Court granted his Motion to Request Counsel but "never sen[t] summons to the attorney to get [the] process started to see if [an] attorney wanted [his] case or not." (Doc. 81 at p. 2). As this Court previously advised Plaintiff, the Court does not have the authority to require an attorney to accept pro bono appointments in civil cases. (Doc. 62 at p. 5; d/e 9/9/2025). The most the Court can do is ask for volunteer counsel. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). On June 6, 2025, this Court sent a copy of its Order (Doc. 62) granting Plaintiff's Motion to Request Counsel to the Court's Pro Bono Coordinator, who has actively attempted to find an attorney willing to represent Plaintiff. Thus far, no attorney has volunteered.

Plaintiff also argues this Court threatened him and may have sanctioned him in prior proceedings. Plaintiff does not elaborate on how this Court allegedly threatened or sanctioned him. This Court does not harbor any ill feelings, bias, or prejudice against Plaintiff or his allegations. Plaintiff's Motion is DENIED, as his assertions do not meet the requirements of either § 144 or § 455.

Finally, this Court notes the Clerk provided the parties with the form necessary to consent to the jurisdiction of a Magistrate Judge. (Doc. 32-1 at p. 2). If Plaintiff wishes to consent to the Magistrate Judge, he should complete the form and send it to defense counsel for their consideration.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Motion for New Judge [81] is DENIED.**

*It is so ordered.*

Entered: November 7, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge