IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY BOYCE,<br>　　Plaintiff,<br><br>v.<br><br>BRITTANY GREENE, *et al.*,<br>　　Defendants. | Case No. 3:24-cv-03188-JEH |

### Order

　　This matter is now before the Court on Plaintiff's Motion to Request Counsel (Doc. 56) and Motion to Clarify Discovery (Doc. 84). For the reasons stated below, the Court's Order conditionally granting Plaintiff's Motion to Request Counsel is vacated, and Plaintiff's Motion to Clarify Discovery is denied.

### I

　　On June 6, 2025, the Court granted Plaintiff's Motion to Request Counsel and undertook a search for volunteer counsel that was ultimately unsuccessful, as discussed below. (Doc. 62).

　　This Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most the Court may do is to ask for volunteer counsel. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (". . . indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

　　The Court's Pro Bono Coordinator posted Plaintiff's request for counsel in this case on the Central District of Illinois's website and the Seventh Circuit's website. The Pro Bono Coordinator also directly contacted ten attorneys on the

Court's local list of attorneys and sent an email to approximately 1,550 attorneys who are members of the Seventh Circuit Bar Association asking for a volunteer to represent Plaintiff. No one agreed to represent Plaintiff.

The Court notes the steps taken not to disparage the attorneys who could not represent Plaintiff, but to show the scope of its attempt to recruit counsel. Recruiting *pro bono* counsel in this District is difficult. The need for *pro bono* attorneys far exceeds the supply. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) ("District courts are thus inevitably in the business of rationing a limited supply of free lawyer time."). Although "[a]lmost everyone would benefit from having a lawyer, . . . there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *DeWitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (internal quotation omitted); *Mejia v. Pfister*, 2021 WL 647085, *4 (7th Cir. Feb. 19, 2021) ("And, for its part, the district court found itself having to make a choice about how best to allocate scarce resources, for it remains the sad reality that there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.") (internal quotation omitted).

There are nearly 700 *pro se* prisoner cases pending in the Central District of Illinois at this time, with approximately 500 new *pro se* prisoner cases filed each year. Nearly all *pro se* prisoners request the appointment of *pro bono* counsel several times throughout their cases. Also, many appointments stretch on for several years, reducing the number of attorneys willing to take on new cases each year. An attorney's reluctance to volunteer is understandable. Prisoner civil rights cases can be a professional and a financial burden on the attorneys who regularly practice in this Court. Most firms in the Central District are small firms. Losing an attorney for several weeks for trial preparation and trial is a burden not only financially but also on the whole firm's ability to represent its paying clients. Further, no statutory basis exists for compensating *pro bono* counsel for fees or

expenses unless *pro bono* counsel wins the case, which is statistically quite rare. The Central District of Illinois provides reimbursement for up to $1,000 in out-of-pocket expenses, but that is typically a drop in the bucket compared to the full costs of litigating a *pro bono* case.

Although the Court tried to find volunteer counsel for Plaintiff, no attorney agreed to take the case. Plaintiff must represent himself going forward in this case. A district court is "not required to search for a volunteer lawyer indefinitely." *Austin v. Hansen*, 139 F.4th 604, 606 (7th Cir. 2025).

## II

Plaintiff filed a Motion to Clarify Discovery stating that defense counsel told him she planned to file a motion to compel if Plaintiff did not respond to Defendants' discovery requests. (Doc. 84). Plaintiff states he sent his responses to defense counsel on November 6, 2025.

Plaintiff attached multiple documents to his Motion. It is unclear whether these documents were sent to defense counsel in response to Defendants' discovery requests. On November 17, 2025, the Clerk received discovery documents from Plaintiff. (Doc. 86). Discovery is not filed with the Court. *See* Civil-LR 26.3.

The Court attempted to decipher Plaintiff's handwriting, but it is unclear what relief Plaintiff seeks in his Motion. Plaintiff is admonished that he must attempt to handwrite as clearly and concisely as possible in subsequent pleadings to allow the Court to understand what relief he is seeking. Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED:**

1) **The Court's Order entered on June 6, 2025, conditionally granting Plaintiff's Motion to Request Counsel is VACATED.**

2) **Plaintiff will need to represent himself moving forward in this case.**

3) **Plaintiff's Motion to Clarify Discovery [84] is DENIED.**

4) **Discovery closes on April 7, 2026, and dispositive motions are due on May 7, 2026.**

*It is so ordered.*

Entered: November 25, 2025

s/Jonathan E. Hawley
U.S. District Judge