E-FILED
Tuesday, 24 February, 2026 04:56:03 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ANTHONY BOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-03188 |
| v. | ) | |
| | ) | Hon. Jonathan E. Hawley |
| BRITTANY GREEN, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT CAMERON SWAIM'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED SUMMARY JUDGMENT MOTION**

Defendant Cameron Swaim ("Defendant"), by counsel, respectfully submits this brief opposition to Plaintiff's Motion for Leave to File an Amended Motion for Summary Judgment (Dkt. 98) and states:

1. The motion is premature**.** Under Federal Rule of Civil Procedure 56(b), a party may move for summary judgment **"**at any time until 30 days after the close of all discovery." On November 25, 2025, the Court ordered that the discovery deadline be April 7, 2026, and the dispositive motions deadline be May 7, 2026. (Dkt. 87). Plaintiff's request to file an amended summary judgment motion *months before* the close of discovery directly contradicts Rule 56(b) and the Court's scheduling order.

2. Discovery remains ongoing. Defendant has not yet completed fact discovery, including a review of the full seven hours of video footage and taking depositions of Plaintiff and other witnesses. Forcing Defendant to respond to a dispositive motion now would be prejudicial and improper under Rule 56(d).

3. The proposed amended motion for summary judgment improperly re-asserts claims already rejected by the Court. Plaintiff in his attempted amended summary-judgment motion asserts that Defendant (i) retaliated against him by not responding to the lawsuit; (ii) discriminated

against him based on disability (SMI, dyslexia, ADD, schizophrenia); (iii) violated the ADA/Rehabilitation Act by not "accommodating" him in litigation; and (iv) should be liable for the default judgment that was vacated. By doing that, he tries to revive ADA, the Rehabilitation Act, and retaliation theories-based claims that the Court expressly disallowed in its June 6, 2025 Order (Dkt. 62). Leave to file a dispositive motion premised on dismissed claims would be futile.

4. Material factual disputes remain and cannot be resolved before discovery closes. Plaintiff's proposed motion relies on untested factual assertions that are contradicted by Defendant's Answer and will require full discovery, including video review and party deposition.

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to File an Amended Motion for Summary Judgment.

Date: February 24, 2026

Respectfully submitted,

By: _Lu Harmening_________________
One of the Attorneys for Defendant Cameron Swaim

Harry N. Arger (ARDC # 6198806)
HArger@dykema.com
Lu Harmening (ARDC # 6335999)
LHarmening@dykema.com
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies under penalty of perjury under the laws of the State of Illinois that, on this **24th** day of **February, 2026**, she caused to be served on the person(s) listed below in the manner shown:

- **Cameron Swaim's Opposition to Plaintiff's Motion for Leave to File Amended Summary Judgment Motion**

*Please see attached service list.*

☒ United States Mail, First Class

☐ By Messenger

☐ By Facsimile

☐ By Email

☒ Under penalties as provided by law pursuant to ILL. REV. STAT. CHP 110 Sec 1-109, I certify that the statements set forth herein are true and correct.

*/s/ Candyce Britter*
Candyce Britter

## SERVICE LIST

***Plaintiff***
Anthony Boyce
Inmate #R-52162
Illinois River Correctional Center
1300 W. Locust Street
Canton, IL 61520