IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ANTHONY BOYCE,
    Plaintiff,

v.

BRITTANY GREENE, *et al.*,
    Defendants.

Case No. 3:24-cv-03188-JEH

### Order

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center ("Western"). (Doc. 21). At merit review, the Court allowed Plaintiff to proceed on Eighth Amendment deliberate indifference and conditions of confinement claims against Defendants Brandon Hays and Cameron Swaim and a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendant John Doe, who was later identified as James Huggins. (Doc. 19).

Now before the Court are Plaintiff's Motion to Compel (Doc. 94), Motion for Leave to File Motion for Summary Judgment (Doc. 96), Motion to Object (Doc. 97), and Motion for Leave to File an Amended Motion for Leave to File Motion for Summary Judgment (Doc. 98).

**I**

On January 27, 2026, Plaintiff filed a Motion to Compel seeking to compel responses to his (1) Second Set of Interrogatories and Requests for Production of Documents directed to Defendant Hays, (2) Second Set of Requests for Admissions directed to Defendant Hays, (3) First Set of Interrogatories and Requests for

1

Production of Documents directed to Defendant Huggins, and (4) First Set of Requests for Admissions directed to Defendant Huggins. (Doc. 94). Defendants Hays and Huggins filed a Response on February 17, 2026. (Doc. 100).

## A

Defendants argue Plaintiff's Second Set of Interrogatories and Requests for Production of Documents directed to Defendant Hays does not comply with Federal Rule of Civil Procedure 33(a)(1), which provides that a party may serve no more than twenty-five written interrogatories, including subparts, unless otherwise authorized by the Court or stipulated to by the parties. This Court's Scheduling Order explicitly reiterated this rule and noted that leave to exceed this number may be granted upon a showing of good cause. (Doc. 32).

Plaintiff's First Set of Interrogatories to Defendant Hays contained twenty-five interrogatories and subparts, which Defendant responded to. (Doc. 100-1). Plaintiff then served a Second Set of Interrogatories containing an additional twenty-five interrogatories and subparts, for a total of fifty interrogatories upon Defendant Hays. (Doc. 94 at pp. 4-11).

Plaintiff did not seek leave of Court to serve more than twenty-five interrogatories, nor did Defendants stipulate to exceed this amount. Therefore, Plaintiff's Motion to Compel Defendant Hays to respond to his Second Set of Interrogatories and Requests for Production of Documents is DENIED.

## B

Defendants argue Plaintiff's First Set of Interrogatories and Requests for Production of Documents directed to Defendant Huggins is procedurally defective and improperly formatted because Plaintiff combined interrogatories and requests for production in a single document without clear separation or organization. Defendants argue this makes it difficult to parse which requests are

interrogatories subject to Federal Rule of Civil Procedure 33 and which are requests for production subject to Federal Rule of Civil Procedure 34.

The Court agrees that the formatting and organization of Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Huggins does not comply with Rules 33 and 34, which require separate, clearly labeled sets for each discovery method. *Id.* at pp. 18-21. Therefore, Plaintiff's Motion to Compel Defendant Huggins to respond to his First Set of Interrogatories and Requests for Production of Documents is DENIED. However, Plaintiff is given leave to re-serve his First Set of Interrogatories and Requests for Production of Documents upon Defendant Huggins in properly formatted and separated documents.

### C

Defendants requested an extension of time until February 24, 2026, to respond to Plaintiff's Second Set of Requests for Admissions to Defendant Hays and First Set of Requests for Admissions to Defendant Huggins. Defendants' request is retroactively granted.

On February 24, 2026, Defendants filed a Certificate of Service stating they served their responses upon Plaintiff. (Doc. 101). Therefore, Plaintiff's Motion to Compel Defendants Hays and Huggins to respond to his Requests for Admissions is MOOT.

### II

On February 4, 2026, Plaintiff filed a Motion for Leave to File Motion for Summary Judgment. (Doc. 96). On February 9, 2026, Plaintiff filed a Motion to Object asking the Court to rule on his Motion for Summary Judgment before he is deposed. (Doc. 97).

Prior to the Court ruling on his Motions, Plaintiff filed a Motion for Leave to File an Amended Motion for Leave to File Motion for Summary Judgment on

February 10, 2026, requesting to file a Motion for Partial Summary Judgment against Defendants Hays and Swaim. (Doc. 98). Plaintiff's first Motion for Leave (Doc. 96) is MOOT, as it was superseded by Plaintiff's Motion for Leave to File an Amended Motion (Doc. 98).

On February 24, 2026, Defendants Hays, Huggins, and Swaim filed Responses to Plaintiff's Motion for Leave to File an Amended Motion. (Docs. 102, 103). Defendants assert Plaintiff's proposed Motion for Partial Summary Judgment is premature, as discovery does not close until April 7, 2026, and Defendants have not deposed Plaintiff yet.

Defendants Hays and Huggins acknowledge they do not have standing to oppose allowing Plaintiff to file a summary judgment motion prior to the dispositive motion deadline of May 7, 2026. Defendants ask the Court to extend their deadline to respond to Plaintiff's motion to May 7, 2026.

Defendant Swaim argues Plaintiff's Motion for Leave should be denied because material factual disputes remain and cannot be resolved before discovery closes. Defendant Swaim also argues Plaintiff's proposed Motion for Partial Summary Judgment attempts to revive claims the Court dismissed in its June 6, 2025 Order. (Doc. 62). For instance, Plaintiff asserts Defendant Swaim (i) retaliated against him by not responding to the lawsuit; (ii) discriminated against him based on disability (SMI, dyslexia, ADD, schizophrenia); (iii) violated the ADA/Rehabilitation Act by not "accommodating" him in litigation; and (iv) should be liable for the default judgment that was vacated.

Allowing Plaintiff to file a dispositive motion premised on dismissed claims would be futile, and ruling on such a motion would not promote judicial efficiency. Plaintiff's proposed Motion for Partial Summary Judgment is also premature, as discovery does not close until April 7, 2026. Plaintiff's Motion is also extremely difficult to read, as Plaintiff's handwriting is largely illegible. (Doc. 98

4

at pp. 2-31). Plaintiff is admonished that his handwriting in further motions must be legible. Illegible motions will be stricken. Plaintiff's Motion to Object (Doc. 97) and Motion for Leave to File an Amended Motion (Doc. 98) are DENIED. Plaintiff may file a Motion for Summary Judgment after discovery is closed.

### III

Finally, Brittany Greene was named as a Defendant, in her official capacity, for the sole purpose of aiding in identifying the Doe Defendant. (Doc. 19). On September 9, 2025, Plaintiff identified Defendant Huggins as the Doe Defendant. Therefore, the Court finds Defendant Greene satisfied her obligations under the Merit Review Order. Defendant Greene is DISMISSED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED:**

**1)    Plaintiff's Motion to Compel [94] is DENIED IN PART and MOOT IN PART. Plaintiff is given leave to re-serve his First Set of Interrogatories and Requests for Production of Documents upon Defendant Huggins in properly formatted and separated documents.**

**2)    Plaintiff's Motion for Leave to File Motion for Summary Judgment [96] is MOOT.**

**3)    Plaintiff's Motion to Object [97] is DENIED.**

**4)    Plaintiff's Motion for Leave to File an Amended Motion for Leave to File Motion for Summary Judgment [98] is DENIED. Plaintiff may file a Motion for Summary Judgment after discovery closes on April 7, 2026. The dispositive motion deadline is May 7, 2026.**

**5)    Defendant Brittany Greene is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to TERMINATE Defendant Greene.**

*It is so ordered.*

Entered: February 27, 2026

s/Jonathan E. Hawley
U.S. District Judge