E-FILED
Thursday, 03 September, 2026 09:17:32 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

ANTHONY BOYCE,
Plaintiff,

v.

BRANDON HAYS, *et al.*,
Defendants.

Case No. 3:24-cv-03188-JEH

**Order**

This case is now before the Court on Defendants Brandon Hays and James Huggins' Motion for Sanctions and Dismissal pursuant to Federal Rule of Civil Procedure 37. (Doc. 139). For the reasons stated below, Defendants' Motion is GRANTED.

**I**

Plaintiff Anthony Boyce, proceeding *pro se*, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center. (Doc. 63). Plaintiff alleges that members of the "Orange Crush" team came into his cell and searched him on February 26, 2024. Plaintiff was then handcuffed tightly and escorted to the chow hall, where he remained for several hours. At merit review, the Court allowed Plaintiff to proceed on (1) an Eighth Amendment claim against Defendant Hays for deliberate indifference to Plaintiff's report of severe, hours-long pain from his handcuffs, (2) an Eighth Amendment deliberate indifference claim against Defendant Swaim for failure to provide medical attention for the severe pain, (3) an Eighth Amendment conditions of confinement claim against Defendants Hays and Swaim for requiring Plaintiff to sit in soiled clothes for

several hours, and (4) a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendant James Huggins for destroying Plaintiff's Bible course materials during the search of his cell. (Doc. 62).

On July 22, 2026, Defendants Hays and Huggins filed a Motion to Compel seeking a Court Order compelling Plaintiff to date his response to their interrogatories and to provide adequate responses to their requests for production. (Doc. 133). In response to Defendants' interrogatories, Plaintiff did not write a complete date under "Declaration Under Penalty of Perjury" and instead listed the date as "May 2026." (Doc. 133-1 at p. 15). Plaintiff also did not sign his name and instead wrote "Sayeth Not." *Id*. In response to Defendants' requests for production, Plaintiff provided the same answer to several requests. (Doc. 133-2). Plaintiff claimed the requested documents were attached to his complaint or that he had mailed the documents to Defendants' previous attorney, without explaining what documents he sent or on what date he sent them. *Id.*

On July 23, 2026, the Court granted Defendants' Motion to Compel and ordered Plaintiff to sign and date his response to Defendants' interrogatories and to provide adequate responses to Defendants' requests for production within fourteen days. (d/e 134). The Court warned Plaintiff that the failure to do so would result in the dismissal of this case with prejudice under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). *Id.*

On July 28, 2026, Plaintiff filed a "Response to Latest Court Order" stating that he "already notified the courts of his trial witness list," that "[d]iscovery [Plaintiff] will use at trial and summary judgment" are "attached," and that "interrogatories and production of documents are signed attached." (Doc. 135). Plaintiff also stated: "Let's get this case over with, no more continuances." *Id*. at p. 3. Plaintiff's response was three pages long and did not include any discovery responses. *Id*.

On August 7, 2026, Plaintiff filed a Motion to Seek Clarification arguing that his deposition conducted on August 4, 2026 was "improper." (Doc. 137). Plaintiff did not cite any basis for his allegations. *Id*. The same day, Plaintiff also filed a "Motion for Potential Settlement Talks" directed only to counsel for Co-Defendant Cameron Swaim. (Doc. 138). Plaintiff's Motions did not address his outstanding discovery responses.

On August 18, 2026, Defendants Hays and Huggins filed a Motion for Sanctions and Dismissal based on Plaintiff's continued failure to comply with the Court's Order entered on July 23, 2026. (Doc. 139). Plaintiff filed a Response on August 31, 2026. (Doc. 144).

**II**

A complaint may be dismissed as a sanction under Rule 37(b) if a party "fails to obey an order to provide or permit discovery." *Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (internal citations omitted); FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is appropriate if the court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances." *Watkins*, 405 F. App'x at 44 (citations omitted); *see also Williams v. Wahner*, 714 F. App'x 601, 604 (7th Cir. 2018) (upholding district court's dismissal of case for plaintiff's failure to comply with court orders and respond to discovery). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal . . . would be an excessively severe sanction." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

**III**

Defendants Hays and Huggins ask the Court to dismiss this case with prejudice based on Plaintiff's continued failure to comply with the Court's Order to date his response to their interrogatories and to provide adequate responses to

their requests for production. Defendants assert Plaintiff has not mailed defense counsel a properly signed and dated response to their interrogatories or provided responses to their requests for production. (Doc. 139 at p. 3).

In Plaintiff's Response, Plaintiff states "with all due respect [he] cannot get over to the law library." (Doc. 144 at p. 1). In a conclusory fashion, Plaintiff states he "complied with discovery requested and signed documentation." *Id.* at p. 2. Plaintiff does not state when he purportedly complied with discovery or signed documentation.

Plaintiff argues the Court should appoint counsel to represent him in this case. *Id.* at p. 5. This Court previously searched for volunteer counsel for more than five months. (Doc. 87). The Court's Pro Bono Coordinator posted Plaintiff's request for counsel on the Central District of Illinois's website and the Seventh Circuit's website. *Id.* The Pro Bono Coordinator also directly contacted ten attorneys on the Court's local list of attorneys and sent an email to approximately 1,550 attorneys who are members of the Seventh Circuit Bar Association. No one agreed to represent Plaintiff. *Id.* This Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

The remaining arguments in Plaintiff's Response are nonsensical and unrelated to the issue at hand. Plaintiff argues Assistant Attorney General ("AAG") Inderjeet Gunnala told him during his deposition that "the Judge would basically punish [Plaintiff] for being honest." (Doc. 144 at p. 2). Plaintiff asks the Court to notify Chief Judge Rebecca Pallmeyer in the United States District Court for the Northern District of Illinois that the Illinois Attorney General's Office "ran a perjury scheme" in the courtroom and omitted certain exhibits from the record in his federal habeas corpus case regarding his murder conviction. *Id.* Plaintiff asserts AAG Gunnala mentioned Plaintiff's murder conviction during his

deposition and called him a "scam artist." *Id.* at p. 4. Plaintiff asks this Court and Judge Pallmeyer to "assign [an] attorney to investigate this or federal prosecutors office." *Id.* at p. 5. This Court does not have jurisdiction over Plaintiff's habeas case in the Northern District of Illinois. Plaintiff's request for this Court to notify Judge Pallmeyer and to order an investigation is denied.

Plaintiff's continued failure to comply with the Court's Order is more than inadvertent, isolated, or careless and has caused serious inconvenience to Defendants. Rather than comply with the Court's Order, Plaintiff filed a "Response to Latest Court Order" on July 28, 2026, stating that "interrogatories and production of documents are signed attached." (Doc. 135). There was nothing attached to Plaintiff's response. *Id.* In his Response to Defendants' Motion for Sanctions, Plaintiff states he "complied with discovery requested and signed documentation," but Plaintiff did not explain when he purportedly complied with the Court's Order or otherwise demonstrate his compliance. (Doc. 144 at p. 2). Throughout the remainder of his Response, Plaintiff made unsupported, inflammatory accusations regarding alleged misconduct in his habeas case pending in the Northern District of Illinois and his deposition in this matter.

Although dismissal is a harsh sanction, it is unclear what lesser sanction would be effective in this case, as Plaintiff has failed to comply with the Court's Order after being given an ample opportunity to do so. The Court finds that Plaintiff has displayed willfulness, bad faith, and fault by failing to comply with the Court's Order. *See In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001) ("court must find that the party against whom sanctions are imposed displayed willfulness, bad faith or fault"). Therefore, Defendants' Motion is GRANTED. This case is hereby DISMISSED WITH PREJUDICE pursuant to Rules 37(b)(2)(A)(v) and 41(b).

**IT IS THEREFORE ORDERED:**

1) Defendants' Motion for Sanctions and Dismissal [139] is GRANTED. This case is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). The Clerk is directed to enter judgment and close this case.

2) Plaintiff remains responsible for the remainder of the $350 filing fee. (d/e 7/19/2024).

3) If Plaintiff wishes to appeal this judgment, he must file a Notice of Appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

4) To proceed *in forma pauperis* on appeal, Plaintiff must file a Motion for Leave to Proceed on Appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: September 3, 2026

s/Jonathan E. Hawley
U.S. District Judge